## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

IN RE:  **BRYAN ROUNTREE**                                      CASE NO. 10-50123
P.O. Box 386
North Greece, NY  14515
xxx-xx-5488

**SHIONA ROUNTREE**
P.O. Box 386
North Greece, NY  14515
xxx-xx-7972
**Debtors**                                                                **CHAPTER 7**

---

**BRYAN ROUNTREE and**
**SHIONA ROUNTREE**

**Plaintiffs**

**v.**                                                                         AD. PROC. NO. _____

**SWARTZ AND BROUGH, INC.**

**Defendant**

## COMPLAINT FOR VIOLATION OF
## 11 U.S.C. 362 AUTOMATIC STAY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Debtors, Bryan Rountree and Shiona Rountree ("Plaintiffs"), by and through their attorney, and for its complaint against Swartz and Brough, Inc., ("Defendant") would show unto the court as follows:

1. This adversary proceeding arises in and relates to the Chapter 7 case of Bryan and Shiona Rountree, now pending in this district.

2. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 157, 1334 and 11 U.S.C. § 542. This is a core proceeding under 28 U.S.C. § 157 (b)(2)(E).

3. The Debtors filed a petition for relief under Chapter 7 of title 11 of the United States Bankruptcy Code on May 26, 2010.

4. Six days after the Automatic Stay went into effect the Defendant proceeded with and completed a foreclosure sale on June 1, 2010.

5. On Friday, June 4, 2010 Defendant served upon Plaintiffs a statutory 72-hour notice to vacate.

6. Later that same day Plaintiff's attorney spoke with Defendant by telephone to verify notification of the bankruptcy filing.

7. In the days following that phone conversation, Defendant illegally entered Plaintiffs' residence and proceeded to exercise control over Plaintiffs' personal property. The entry was illegal due to the fact Defendant, or its agent, coerced a local neighbor child to crawl through a window and unlock the door to Plaintiffs' residence from the inside. This act was witnessed by another neighbor.

8. Defendant and or its agents proceeded to remove all of Plaintiff's personal property from the residence at 801 E. 12th Street, Hooks, Texas. Defendant has destroyed Plaintiffs' personal property by burning the property in the back yard of Plaintiffs' residence.

9. The personal property destroyed included Debtor's deceased mother's cremated remains.

10. Defendant's actions are clearly in violation the Automatic Stay because they were performed after the bankruptcy petition was filed.

11. Further, Defendant's actions were willful and malicious because Defendant received actual notice of the bankruptcy filing from Plaintiffs' attorney prior to the offensive acts.

12. Defendant has and continues to exercise control over property of the estate in violation of 11 U.S.C. 362. The violation is willful due to Defendant's knowledge of the bankruptcy filing.

13. Debtor's attorney has invested considerable time in this matter, including the preparation and filing of this Complaint.

14. Because Defendant received actual knowledge of the bankruptcy filing, Plaintiffs are entitled to punitive damages in addition to actual damages.

WHEREFORE, PREMISES CONSIDERED, Debtors requests the Court to enter an Order granting Plaintiffs a judgment against Defendant as follows:

a. Actual damages in the amount of $3,000.00;

b. Punitive damages in the amount of $100,000.00;

c. Attorney's fees and court costs; and

d. Other relief to which Plaintiffs may be entitled.

Respectfully submitted,

/s/ David V. Ruff, II
David V. Ruff, II  TSB# 24037406
1915 Mall Dr.
Texarkana, Texas  75503
(903) 792-5313
(903) 792-5405  Facsimile
ATTORNEY FOR DEBTORS

**Page** 4